# In the United States Court of Federal Claims

No. 25-2041T
Filed: August 4, 2026
NOT FOR PUBLICATION

**MATTHEW THOMAS DAVIS,**

***Plaintiff,***

**v.**

**UNITED STATES,**

***Defendant.***

**MEMORANDUM OPINION AND ORDER**

***HERTLING*, Judge**

On December 1, 2025, the plaintiff, Matthew Thomas Davis, proceeding without a lawyer, filed a complaint against the United States, acting through the Internal Revenue Service ("IRS"), seeking a refund of federal income taxes. The plaintiff alleges that he is executor and beneficiary of the MTD Revocable Living Trust, that he filed a Form 56 with the IRS notifying the IRS of his fiduciary authority over all trust tax filings, that he filed a Form 1040 for tax year 2024 seeking a refund related to his personal tax return, and that he filed two Forms 1041 for tax year 2024, seeking refunds related to the trust. (Complaint at ¶¶ 1-3.) The plaintiff also alleges that he submitted to the IRS a Form 1099-B ("1099-B"), reporting proceeds and taxes withheld from broker and barter transactions. The plaintiff alleges that the IRS failed to process these forms or respond to him.

The parties have been engaged in discovery since March 2026. Discovery was due to close by July 31, 2026. Upon receiving requests for production of documents, both parties disputed whether the documents requested are relevant. The parties have filed cross-motions to compel. The documents sought from the plaintiff by the defendant are relevant to the current dispute; those sought by the plaintiff from the defendant are not material to the dispute. Accordingly, the defendant's motion to compel is granted, and the plaintiff's motion is denied.

The plaintiff seeks relief in the form of a refund related to the Form 1040, two Forms 1041, and the 1099-B (collectively the "2024 tax return") he alleges he filed for tax year 2024. The plaintiff also seeks official acknowledgment of his standing as executor and beneficiary of the MTD Revocable Living Trust under the Form 56 (Notice Concerning Fiduciary Relationship) he filed with the IRS. Attached to the complaint are a "Certification of Trust" for MTD Holding Company, a "Certified Declaration of Living Trust Beneficiaries" for a trust with the same trust identification number as the MTD Revocable Living Trust, the Form 56 filed by the plaintiff,

and a 1099-B supposedly issued to the plaintiff by Affinity Plus Federal Credit Union ("Affinity Plus"). The plaintiff did not include a copy of his 2024 Form 1040 or Form 1041s.[1]

On February 3, 2026, the defendant answered. In its answer, the defendant responded that it lacked sufficient information to admit or deny most of the plaintiff's allegations. The defendant also noted "that certain of the identified documents do not appear to have been included as attachments to the [c]omplaint including, most notably, IRS Forms 1040 and 1041 and any schedules and attachments thereto."

On March 31, 2026, a discovery schedule was set; fact discovery was due to be completed by July 31, 2026. On April 10, 2026, the plaintiff served on the defendant 10 interrogatories, 10 requests for admission, and 10 requests for production of documents. The plaintiff's discovery requests, by and large, seek information reflecting, documenting, and supporting the IRS's decision not to issue the refund requested by the plaintiff. On May 18, 2026, the defendant responded to the written discovery requests. The defendant objected to requests for production Nos. 2, 3, 5, 6, 7, 8, 9, and 10 as irrelevant to the claims or defenses, as they sought internal IRS documents and records reflecting, documenting, and supporting the IRS's decision not to issue the plaintiff a refund for 2024.

On May 19, 2026, the defendant served its first set of requests for production of documents and first set of interrogatories. The defendant requested, among other things: (1) all documents referenced in the complaint; (2) the trust documents relating to the MTD Revocable Living Trust; (3) the articles of incorporation for the MTD Holding Company; (4) the document that initiated the court or administrative proceeding referred to in the plaintiff's Form 56; (5) the ruling of the South Carolina Department of Public Health arising from the purported administrative proceeding noted on the plaintiff's Form 56; and (6) all documents substantiating the information reported on the 1099-B allegedly issued to the plaintiff by Affinity Plus.

Concurrent with the discovery requests to the plaintiff, the defendant also served a subpoena to Affinity Plus requesting three categories of information: (1) any 1099 Forms issued to the plaintiff for 2024; (2) documents substantiating the information reported on the 1099-B allegedly issued to the plaintiff for 2024; and (3) information regarding the account number listed on the plaintiff's purported 1099-B. Affinity Plus responded to the defendant's subpoena, stating that it had no records reflecting its issuance of any 1099 Form to the plaintiff for 2024 and confirmed that the absence of those records reflects that Affinity Plus never issued the plaintiff a 1099-B for 2024.

In addition, the defendant's counsel represents that he spoke with the legal counsel for the South Carolina Department of Public Health regarding the administrative proceeding listed in Part III of the plaintiff's Form 56 and was informed that the South Carolina Department of Public Health "does not conduct administrative proceedings and the docket number listed on the Form 56 is more than likely plaintiff's birth certificate number."

[1] The plaintiff did not attach to his complaint his 1099-B Form but attached it as an exhibit to his motion to compel.

On May 20, 2026, the plaintiff responded to the defendant's discovery requests. His production largely consisted of IRS-generated documents that were already within the defendant's possession; he also indicated that he would search for other IRS-generated documents. Between May 20, 2026, and May 24, 2026, as well as on June 24, 2026, the parties corresponded back-and-forth, and the plaintiff declined to supplement his discovery responses.

On June 22, 2026, the plaintiff filed a motion to compel, and on June 29, 2026, the defendant filed its own motion to compel. The motions are fully briefed, and oral argument is not required to resolve them.

Courts have broad discretion to manage discovery in accordance with the Rules of the United States Court of Federal Claims ("RCFC"). *Florsheim Shoe Co. v. United States*, 744 F.2d 787, 797 (Fed. Cir. 1984). Under RCFC 26(b)(1), a party may generally obtain discovery of any matter relevant to a claim or defense and not otherwise privileged. Under RCFC 37(a), a motion to compel is appropriate when the nonmoving party fails to provide responses or produce documents that are required under RCFC 26.

The cross-motions here are focused principally on the failure of each party to produce documents in response to the other party's requests. RCFC 34 governs requests for production of documents. RCFC 34(a) allows a party to request production of any document within the scope of discovery under RCFC 26. A motion to compel production may be granted when the moving party has submitted a proper request for a nonprivileged, relevant document, and the nonmoving party has failed to produce such document for inspection. *Confidential Informant 59-05071 v. United States*, 108 Fed. Cl. 121, 129 (2012).

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. The issue in a tax-refund case is whether the taxpayer can establish an overpayment of taxes with respect to the taxable periods alleged in the complaint. *See Lewis v. Reynolds*, 284 U.S. 281 (1932); *Dysart v. United States*, 169 Ct. Cl. 276, 340 F.2d 624 (1965). In tax-refund suits, factual issues are tried de novo with no weight given to subsidiary factual findings made by the IRS. *Cook v. United States*, 46 Fed. Cl. 110, 113 (2000) (citations omitted). The taxpayer has the burden of proving by a preponderance of the evidence both that the IRS's assessment or determination is incorrect and the correct amount, if any, of the assessment or determination. *Id*. at 116 (citations omitted). That is because the taxpayer is "best positioned to preserve and bring forward evidence bearing on the facts of [its] claim." *Id*. at 117.

***The defendant's motion to compel***

The defendant seeks to compel production of: (1) trust documents relating to the MTD Revocable Living Trust; (2) the articles of incorporation for the MTD Holding Company; (3) documents related to the plaintiff's Form 56, confirming the plaintiff's fiduciary relationship; and (4) documents substantiating the information reported on the 1099-B that the plaintiff used to claim a credit on his 2024 tax return.

The defendant argues that the requested documents will substantiate the amounts the plaintiff claimed and reported on his 2024 tax return and 1099-B. The entity the plaintiff alleges

issued the plaintiff's purported 1099-B, Affinity Plus, has no record of issuing such form. Further, the South Carolina Department of Public Health has no record of the administrative proceeding the plaintiff refers to on his Form 56. The defendant argues these documents are needed to allow it to substantiate the plaintiff's claim and determine its merits.

The plaintiff does not assert any privilege over the documents. Instead, he argues that his complaint does not allege he is entitled to a tax refund arising from the MTD Revocable Living Trust or MTD Holding Company, so documents related to these entities are not relevant. The plaintiff further argues that the defendant is requesting documents that, if they exist, are held by Affinity Plus and the South Carolina Department of Public Health and are not in his possession, so he cannot be compelled to produce them.

The plaintiff has the burden of proving by a preponderance of the evidence that the assessment or determination is wrong and its correct amount, if any. *Cook*, 46 Fed. Cl. at 116 (citations omitted); *see also Bubble Room, Inc. v. United States*, 159 F.3d 553, 561 (Fed. Cir. 1998). Taxpayers are required to substantiate the deductions and credits that they claim by maintaining records necessary to establish both the taxpayers' entitlement to such items and the proper amount thereof. 26 U.S.C. § 6001; *see INDOPCO, Inc. v. Commissioner*, 503 U.S. 79, 84 (1992); *Welch v. Helvering*, 290 U.S. 111, 115 (1933).

Here, the plaintiff claims that he is entitled to a refund related to his 2024 tax return and submitted the requisite Form 1040 and 1041 and a 1099-B to the IRS reflecting that refund. To claim a refund through Form 1041, the plaintiff must first prove that the trust exists. The IRS has no record of the trust, so the defendant is seeking documents related to the trust to determine whether the refund is owed to the plaintiff. These documents go directly to the entitlement of the refund the plaintiff seeks. The documents, if they exist, can verify the plaintiff's claimed refund. Because the refund is predicated on the plaintiff's alleged role as executor and beneficiary of the purported trust, the existence of the trust is, contrary to the plaintiff's argument, directly relevant to his personal entitlement to the claimed refund.

Similarly, the plaintiff has alleged on his Form 56 that the South Carolina Department of Public Health confirmed his fiduciary relationship to the trust in an administrative proceeding. That agency, however, has no record of any such proceeding. The defendant, therefore, requests documents related to the proceeding to determine whether it took place. Such documentation is directly relevant to whether the plaintiff is the executor and beneficiary of the trust on which his refund claim is based.

Finally, the plaintiff alleges he is entitled to a refund in relation to his 1099-B. To claim a refund through his 1099-B, the plaintiff must show that he earned proceeds from a broker or barter exchange transaction. Affinity Plus has no record of ever providing the plaintiff with a 1099-B or facilitating the transaction the plaintiff alleges occurred. Thus, the defendant's request for documents substantiating the information reported on the 1099-B is directly relevant to the plaintiff's claim, as it may confirm that the plaintiff earned proceeds from a covered transaction from which a portion of the proceeds was withheld by Affinity Plus and paid to the IRS.

The plaintiff's argument that these documents are not relevant because the case concerns only the plaintiff's 2024 personal tax return is unpersuasive. A fundamental principle of litigation is that "the plaintiff is the master of the complaint," and the claims alleged in a complaint define the boundaries of the dispute. *See Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 536 U.S. 826, 831 (2002). Once a plaintiff establishes the scope of the litigation, a court is obligated to resolve those claims alleged. *See United States v. Sineneng-Smith*, 590 U.S. 371, 375-76 (2020). That principle is salient here because the plaintiff cannot seek to narrow the scope of his complaint through his response to a motion to compel.

The plaintiff alleges in his complaint that he submitted a Form 1040 for his individual taxes and two Forms 1041 for his trust and estate. The plaintiff further alleges the IRS "failed to release refunds or credits for these filings" and seeks the "[f]ull refund release for all IRS forms submitted, including 1040, 1041, and 1099-B instruments." The plaintiff cannot assert in his response to a discovery motion that documents related to his two Forms 1041 are irrelevant because his complaint alleges he is entitled to a refund based on them.

The plaintiff's argument that he cannot be compelled to produce documents not within his possession is equally unpersuasive. Taxpayers are required to substantiate the deductions and credits that they claim by maintaining records necessary to establish both their entitlement to such items and the items' correct amounts. 26 U.S.C. § 6001. Here, the plaintiff must produce evidence to substantiate the amounts claimed and reported on his 2024 tax returns and 1099-B. That evidence is to be found in the documents sought by the defendant. The plaintiff's burden falls more heavily here because Affinity Plus, the purported source of the 1099-B, has no record of issuing the document to the plaintiff. Further, the South Carolina Department of Public Health has no record of the purported administrative proceeding on which the plaintiff relies to confirm the existence of the trust.

The documents at issue are relevant in determining the merits of the plaintiff's refund claim. Indeed, the documents are likely required by the plaintiff himself to prove his entitlement to the claimed refund. *See Cook*, 46 Fed. Cl. at 116. Because the documents are relevant to the case and no claim of privilege has been raised, the defendant's motion to compel is granted. The plaintiff shall produce to the defendant no later than **August 10, 2026**, all documents in his possession responsive to the defendant's request for production.

***The plaintiff's motion to compel***

The plaintiff requested from the defendant copies of internal IRS documents reflecting, documenting, and supporting the IRS's decision not to issue the plaintiff's 2024 refund. The documents he seeks include those related to: (1) Transaction Code ("TC") 806, withholding/payment credits; (2) TC 810, refund-freeze activity; and (3) TC 570, additional account action pending. He also seeks documents reflecting the administrative or factual basis for the nonpayment of the claimed refund; records related to the IRS's verification, matching, correction, rejection, or review related to the plaintiff's refund claim; and various internal IRS records, to the extent such records exist, related to the plaintiff's 2024 refund claim, TC 806, TC

810, TC 570, freeze activity, verification activity, or continued nonpayment, specified in great detail in the discovery request and the plaintiff's motion.[2]

The plaintiff argues that the TC 810, 806, and 570 posted to his account reflect the IRS placing a freeze on his account, withholding the plaintiff's tax credits, and declining to process any additional refund claims by the plaintiff. The plaintiff argues that the reason the IRS has taken these actions is directly relevant to the IRS's nonpayment of his 2024 tax refund.

The defendant responds that any documents related to the IRS's decision not to issue the plaintiff's 2024 tax refund are not relevant to a resolution of the plaintiff's claim because that claim is reviewed de novo. According to the defendant, under de novo review the IRS's rationale for declining to process the plaintiff's 2024 refund claim or freezing his account has no bearing on whether the plaintiff overpaid his income taxes and is entitled to a refund. Under RCFC 26(b)(1), a party may only obtain discovery "regarding any nonprivileged matter *that is relevant to any party's claim or defense* . . . ." (Emphasis added.) Accordingly, discovery must be limited to information relevant to proving or disproving the plaintiff's payment of income taxes, the existence of the trust of which the plaintiff alleges he is both executor and beneficiary, and the existence of the transaction reported on his 1099-B.

Documents relevant to a claim for a tax refund are those that support or undercut the taxpayer's entitlement to the refund or the amount of the refund. IRS-generated examination documents that reflect the IRS's evaluation of and conclusion about a disputed refund claim generally have no bearing on the plaintiff's entitlement to a refund. *See Cleveland Trust Co. v. United States*, 421 F.2d 475, 482 (6th Cir. 1970). Therefore, courts "will not look behind an assessment to evaluate the procedure and evidence [the IRS] used in making [its] assessment." *Ruth v. United States*, 823 F.2d 1091, 1094 (7th Cir. 1987). The same approach is applied to tax-refund claims brought in this court. *See, e.g., Principal Life Ins. Co. & Subs. v. United States*, 116 Fed. Cl. 82, 88 n.7 (2014) (internal IRS documents are irrelevant in a tax-refund case and are "not subject to discovery"); *Stobie Creek Invs., LLC v. United States*, 82 Fed. Cl. 636, 663 (2008), *aff'd*, 608 F.3d 1366 (Fed. Cir. 2010); *see also Vons Cos., Inc. v. United States*, 51 Fed. Cl. 1, 6 (2001), *modified on other grounds*, 2001 WL 1555306 (Nov. 30, 2001).

The internal IRS documents the plaintiff seeks address the agency's internal rationale supporting its decision to withhold payment of the refund claimed by the plaintiff and explaining the basis for the freeze placed on the plaintiff's account. The IRS's rationale for these actions is irrelevant to establishing both the taxpayer's entitlement to a return and the proper amount of that return. The plaintiff claimed a refund, and the IRS did not issue the refund. The plaintiff has sued to obtain the refund. The burden is on him to show that he is entitled to that refund and

---

[2] Transaction Codes are internal IRS processing codes that appear on a taxpayer's account and explain why a refund was issued, reduced, or not applied. The information regarding "TC 806," "TC 810," and "TC 570" correlates to his 2024 refund claim. TC 806 indicates a withholding of credits that the IRS would normally apply to a taxpayer's account. TC 810 refers to a refund freeze, meaning the IRS has frozen the taxpayer's refund pending further action. TC 570 indicates the IRS has placed a hold on processing an account, usually because the IRS needs to verify information or perform an internal review.

to substantiate the amount claimed. The IRS documents the plaintiff seeks in discovery shed no light on the issue presented for resolution by his claim and are not likely to lead to discoverable information. They reflect only the basis on which the IRS made its initial decision that is the subject of the plaintiff's challenge. Because that initial decision receives no deference when challenged in court, the documents reflecting the basis for that initial decision are irrelevant. Accordingly, the plaintiff's motion to compel is denied.

The defendant's motion to compel is **GRANTED.** The plaintiff shall produce all documents in his possession that are responsive to the defendant's request for production and have been withheld. The plaintiff shall produce these documents to the defendant no later than **August 10, 2026**. The plaintiff's motion to compel is **DENIED** in its entirety.

The deadline for the completion of fact discovery is extended *sua sponte* until **August 28, 2026**. The parties shall file a joint status report proposing a schedule for further proceedings by **September 14, 2026**.

It is so **ORDERED**.

s/ Richard A. Hertling
**Richard A. Hertling**
**Judge**